**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

E.P,

      Plaintiff,

v.

G6 HOSPITALITY, LLC; G6
HOSPITALITY PROPERTY, LLC;
MOTEL 6 OPERATING, L.P.,

      Defendants.

CIVIL ACTION FILE
NO. 1:26-mi-00082-TWT-RDC

**PLAINTIFF AND WITNESS'S EMERGENCY MOTION FOR**
**PROTECTIVE ORDER**

Plaintiff and witness A.M. request an immediate protective order to protect the identity of a minor victim of sex trafficking ("A.M."), the subject of a testimonial subpoena in the above-captioned case. A.M. is a non-party witness who testified that she, too, was a victim of minor sex trafficking at Defendants' Motel 6. Defendants identified a minor victim despite Plaintiff's explicit plea not to do so. The filings represent an obvious attempt to bully A.M., who was trafficked for nine years at Defendants' motel, deprive her of legal counsel in a case where she is a non-party, and to distract from Defendants' decades of profiteering from minor sex trafficking at its hotel. Defendants' motion—to the extent there is one—is also procedurally defective and demonstrably wrong. But as the Court awaits full briefing on the

matter, it is of paramount importance to protect A.M.'s identity. For the reasons explained below, this Court should enter an emergency protective order.

Defendants are represented by one of the most "elite" law firms in the world.[1] It is unlikely that such a firm could unwittingly make the types of mistakes made in these filings. Thus, the Court is left to determine the purpose of at least two curious actions:

1. Why would Defendants file a motion asking for relief for the reasons listed in a brief, and then not file that brief, giving the Court no reasons to grant its motion?

2. Why would Defendants list their own counsel in Michigan as Lead Counsel for Plaintiff E.P.?[2]

The second question is truly bewildering. But the first is straightforward: the longer the unfiled motion twists in the wind, the longer witness A.M.'s name and identifying information are exposed publicly. Anonymity for sex trafficking victims—particularly minors—is commonplace in civil litigation. Defendants know this; there are nearly 50 pending cases in the Eastern District of Texas against

---

[1] *See Jones Day again ranked among "Global Elite" Firm in Global Competition Review 2026 GCR 100,* https://www.jonesday.com/en/news/2026/01/jones-day-again-ranked-among-global-elite-firm-in-global-competition-review-2026-gcr-100 (last visited May 5, 2026).

[2] The docket of this action is attached hereto as Exhibit 1, with redactions of A.M.'s name.

Defendants for similar sex trafficking allegations, and each of them is filed pseudonymously by the plaintiff. Taking a witness who Defendant knows has potential claims against them, and publicly identifying her as a victim of minor sex trafficking *before* she has filed such claims, invades serious and consequential privacy rights most victims seek to protect when vindicating their rights in the civil justice system. A.M. is no different.

Defendants' counsel sent what it planned to file to Plaintiff's counsel via email on April 30, 2026. Plaintiff's counsel had no reason to know some of those documents were filed publicly. On Monday, May 4, 2026, Plaintiff's counsel informed Defendants that there was no motion for anonymity in the drafts it sent and that A.M.'s identity should be protected in any filings. Rather than accede to this commonplace and, frankly, humane request, Defendants' counsel doubled down and asserted that they did "not believe further redaction is necessary."  Thus, Plaintiff and witness A.M. file the instant motion seeking a protective order to protect the privacy interests and identity of A.M. and any other trafficking victims identified in this action.

Plaintiff asks that this Court grant a protective order under Federal Rule of Civil Procedure 26(c) and require the parties to refer to witness A.M. and any other believed sex trafficking victims, by their initials and ensure, among other things, that Defendants keep A.M.'s identity confidential during and after this action.

## FACTUAL BACKGROUND

Defendants deposed A.M. as a witness in the E.P. case pending in the Eastern District of Texas, Case No. 1:24-cv-00216.[3] A.M. is an important witness in that case; she is an eyewitness to the trafficking of Plaintiff E.P. when she was 15 years old at Defendants' corporately-owned and operated Motel 6. A.M. testified she began being trafficked at the Motel 6 in 2007 when she was 15 years old. Her trafficking at the Motel 6 continued off and on for nine more years. Her trafficker was violent with her at the Motel 6 and she feared being beaten or killed by her trafficker or his associates. After E.P. disclosed A.M. as a witness, Plaintiff's counsel's investigator contacted A.M. and A.M. executed a declaration regarding her trafficking and witnessing E.P.'s trafficking at the Motel 6. Later, A.M. engaged Plaintiff's counsel at Andersen, Tate & Carr L.P. ("ATC") as counsel for any potential trafficking cases she had. In her declaration, A.M. confirmed the motel's employees would find guests who wanted to pay for sex and send them to trafficking victims, as well as be paid to act as lookouts for the traffickers at the Motel 6.

A.M. is a victim who as a minor and adult suffered violence, threats of violence, and exploitation at the hands of her traffickers both on and off the hotel

---

[3] In the *E.P.* case, the protective order only addressed the Plaintiff's identity, not fact witnesses. A similar request for A.M.'s (and other victim-witness's) anonymity will be made in the *E.P.* case as soon as Defendants are able to confer on that motion.

premises owned and operated by Defendant. A.M. has legitimate safety concerns about possibly facing violent retaliation if publicly identified in this case. A.M. also has a significant privacy interest related to the intimate and private nature of the information that A.M. and other witnesses have disclosed during this case. A.M. does not wish to be publicly identified as a sex trafficking victim. And A.M. has a legitimate fear of retaliation to herself and her immediate family from her former sex traffickers and their known associates—especially since they have already shown a willingness to use violence and control to intimidate her.

**ARGUMENT AND CITATION OF AUTHORITY**

Generally, parties to a lawsuit must identify themselves in their respective pleadings under Federal Rule of Civil Procedure 10(a). *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F. 3d 678, 684–85 (11th Cir. 2001). But "there are some circumstances in which a plaintiff may proceed anonymously." *Doe v. Barrow Cnty.*, 219 F.R.D. 189, 191 (N.D. Ga. 2003). Notable here, the public disclosure interest is much lower where A.M. is simply a witness in a case, and not a party.

To decide whether a plaintiff may proceed anonymously, the Eleventh Circuit has held that the ultimate test is "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)).

When deciding whether a plaintiff may proceed anonymously, the trial court may consider many factors. Most relevant here, these factors include "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citations omitted); *see also Doe v. Archdiocese of Atlanta*, 328 Ga. App. 324, 331, 761 S.E.2d 864, 870 (2014) (applying *Francis*). Also relevant, whether a lawsuit compels plaintiffs to "admit their intention to engage in illegal conduct" further favors anonymity. *Frank*, 951 F.2d at 323. These and other factors are relevant, but there is neither a "rigid . . . test for the propriety of party anonymity" nor is "the presence of one factor meant to be dispositive." *Id.* (quoting *Stegall*, 653 F.2d at 185).

Multiple factors justify permitting A.M. to proceed anonymously. *First*, A.M. is a witness, not the plaintiff in this case. But as a witness, the case requires disclosure of information of a sensitive and highly personal nature, specifically, that A.M. is a victim of minor sex trafficking and the facts surrounding being sold for sex as a minor. *Second*, A.M. risks suffering both physical and psychological harm from former traffickers and those traffickers' known and unknown affiliates.

Here, the totality of the circumstances warrants allowing A.M. to proceed anonymously because her privacy and safety outweigh the presumption that a party

6

must identify themselves in court. Indeed, she is not even a party. Thus, the Court should grant A.M. motion.

**A.M.'s identity and facts constitute intimate information.**

A.M., a nonparty, has a substantial privacy right to avoid disclosure of sensitive and highly personal information in this lawsuit. "'Where the issues involved are matters of a sensitive and highly personal nature' . . . the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" *Francis*, 631 F.3d 1310, 1316–17 (quoting *So. Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). In *Francis*, the Eleventh Circuit held that descriptions of the plaintiffs while nude and engaging in explicit sexual conduct "could not be of a more sensitive and highly personal nature"; and thus, the district court erred by failing to consider this fact when it denied plaintiffs leave to proceed anonymously. *Id.* at 1317.

Similarly, the issues in this case involve graphic descriptions of A.M. engaged in coerced sexual activity. This case requires the disclosure of deeply personal and intimate details of A.M.'s exploitation as a victim of sex trafficking at the motel owned and operated by Defendants—including while A.M. was a minor. A.M. is a victim. But, despite her innocence, many of the activities she was forced to engage in are laden with public stigma that is rarely tempered by consideration of her

7

victimhood.[4] Disclosure of her identity in connection with the issues in this case only adds further insult to the already incalculable injury she suffered as a victim of forcible, and violent, sex trafficking. That is, it only multiplies her damages. The rules do not require that A.M. endure such injury.

An additional factor supports A.M.'s request to proceed anonymously. The Eleventh Circuit has recognized that whether a plaintiff has to admit an intent to engage in prohibited conduct is relevant to whether a plaintiff can proceed anonymously. *Frank*, 951 F.2d at 324. Here, A.M. may be required to admit, among other things, that she was involved in conduct constituting acts of forced prostitution. Accordingly, this factor also weighs heavily in favor of granting Plaintiff's motion.

**A.M. was threatened with and experienced violence from their traffickers.**

Another factor the Eleventh Circuit considers is whether a plaintiff "may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed . . . ." *Stegall*, 653 F.2d at 186. Here, A.M. fears just that.

Courts in this district have granted applications to proceed anonymously under such circumstances.[5] In *Doe v. Barrow County*, the court considered the

---

[4] Defendants perpetuate this stigma through their unfounded accusations that A.M. is a sex trafficker. This public accusation is further evidence of Defendants' improper purpose in this action.

[5] Nearly every Court in this district has granted similar protective orders in cases involving sex trafficking victims. *See*, *e.g.*, B.W. v. G6 Hospitality Property LLC, (1:24-CV-00195-JPB); Doe (K.B.) v. G6 Hospitality, LLC; (1:23-CV-2597-TWT); Doe (T.M.) v. G6 Hospitality LLC, (1:23-CV-2598-MLB); C.B. v. Naseeb

plaintiff's fear of community retaliation for filing his lawsuit, a challenge to a public display of the Ten Commandments. 219 F.R.D. at 194. The court granted the plaintiff permission to proceed anonymously.

A.M.'s fear of retaliation from her former sex traffickers and their associates similarly warrants granting her motion. A.M. already suffered substantial psychological and physical harm at the hands of sex traffickers. A.M. has legitimate reasons to fear that litigating without the protection of anonymity could expose her or her families to violent retaliation, now or in the future. The threat of such violent reprisals also favors anonymity.

### The public's interest in knowing the identity of Plaintiff is weak.

As the Eleventh Circuit has acknowledged, "[t]he equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical," and "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Stegall*, 653 F.2d at 185. Here, public knowledge of A.M.'s identity serves no significant purpose. But the desire of A.M. to remain anonymous and to not endanger herself or

---

Investments, Inc., (1:20-CV-04213-AT); J.G. v. Northbrook Industries, Inc., (1:20-CV-05233-SEG); E.M. v. Tucker Inn Inc., (1:22-CV-02559-WMR); W.K. v. Red Roof Inns, Inc., (1:20-CV-05263-VMC); K.H. v. Riti, Inc., (1:22-CV-3404-MHC); A. J. v. Pacific Capital Funding, LLC, (1:22-CV-02752-LMM); A.B. v. H.K. Group of Co., Inc., (1:21-CV-1344-TCB). The majority of the protective orders in the Northern District of Georgia also protect the identity of witnesses identified as sex trafficking victims.

her family is compelling in contrast. Public disclosure of A.M.'s identity may deter participation in this, and other, cases, may deter victims from enforcing federal and state rights in other, similar cases, and have a broad chilling effect on the litigation of heinous illegal acts and those against persons who financially benefit therefrom under 18 U.S.C. § 1595(a) and related statutes.

**The anonymity of A.M. does not pose a risk of
fundamental unfairness to Defendants.**

In *Plaintiff B*, the Eleventh Circuit found the defendants were not prejudiced by the plaintiff's anonymity, weighing in favor of granting plaintiff's motion to proceed anonymously, where the defendants were aware of the plaintiff's identities and were not barred from conducting a full range of discovery in building a defense for trial. 631 F.3d at 1319.

Here, A.M.'s anonymity will not be fundamentally unfair. Defendants know exactly who A.M. is and have already deposed her. Thus, there is no unfairness to Defendants in now protecting A.M.'s identity in public filings.

Defendants' opposition to (and doubling-down on) the protection of a minor-victim's identity in a case involving her own violent minor sex trafficking and the trafficking of other girls and women at Defendants' motel lays bare Defendants' true motivation here. This proceeding is not about obtaining discoverable evidence, trumped-up ethical concerns, and certainly not about protecting A.M. or other

victims. It is about exerting maximum pressure on a vulnerable witness who dared to testify against Defendants. Such a purpose is improper.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Protective Order, and should seal all filings identifying A.M. by name in this case. The Court should further order that all materials filed in this action, all judgments, and any other documents relating to this action shall refer to A.M. by her initials, as as well as any of A.M.'s family members, without additional identifying information.

A proposed order granting Plaintiff's motion is provided herewith as Exhibit 2.

Respectfully submitted this 6th day of May, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff & A.M.*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone

(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff & A.M.*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile