**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| E.P. <br><br>     *Plaintiff*, <br><br> v. <br><br> G6 Hospitality, LLC; <br> G6 Hospitality Property, LLC; <br> Motel 6 Operating, L.P., <br><br>     *Defendants*. | Case No. 1:26-mi-00082-TWT-RDC |

**RESPONSE TO EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiff has never maintained that Respondent's identity should be protected. To the contrary, Plaintiff produced Respondent's declaration without a confidentiality designation, de-designated deposition testimony identifying Respondent as someone involved in Plaintiff's trafficking, and publicly filed Respondent's name on the docket in the underlying case. Nevertheless, Defendants' counsel offered to meet and confer regarding appropriate treatment of Respondent's identity before this Court and Plaintiff's Counsel ("Counsel") never responded. Instead, Counsel filed the present Emergency Motion for a Protective Order (Dkt. 12),[1] wherein they materially misrepresented the record and repeatedly

---

[1] The motion marks yet another example of the conflict of interest involving Counsel, who represent both Plaintiff and Respondent, a third-party witness to the underlying lawsuit. *See, e.g.*, Dkt. 4 at 12–17.

questioned the motivations and integrity of Defendants and their counsel, necessitating this response.

## MISREPRESENTATIONS

Initially, Counsel materially misrepresents the record on at least four occasions throughout her motion.

*First*, Counsel argues that Defendants publicly identified Respondent as a trafficking victim in an effort to harass her, *see* Dkt. 12 at 1, 3, but that is demonstrably untrue.  Defendants have *never* identified Respondent as an alleged trafficking victim in any of their public filings. *See e.g.*, Dkt. 1, 4, and 5.  Nor do they have any reason to.  Respondent's own alleged trafficking, discussed in detail for the first time publicly in this Emergency Motion,[2] is irrelevant to Plaintiff's underlying case and the dispute before this Court, which concerns only whether *Counsel* gave improper privilege instructions during Respondent's deposition and whether *Counsel's* purported dual representation of Plaintiff and Respondent presents a conflict of interest.  Indeed, the first time Respondent is "publicly

---

[2] The only mention of Respondent's alleged trafficking in any materials Defendants filed is in a single sentence to provide the Court background context in Defendants memorandum in support of their Motion to Compel, which Defendants requested be filed *under seal*. Dkt. 4 at 2 ("In the underlying litigation, Plaintiff E.P. produced declarations from women who claim they were either engaged in voluntary prostitution or trafficked at a Motel 6 located in Tucker, Georgia.").

identif[ied] [as] a minor victim of sex trafficking" is in *this* motion. Dkt. 12. Moreover, *Counsel* has not treated Respondent's identity as confidential in the underlying litigation. And in Plaintiff's deposition, Plaintiff accused Respondent— who was 21-22 years old at the time—of being involved with her alleged trafficking. *See, e.g.*, Ex. B to Motion to Compel, Dkt. 1-2 at 128:20–23, 226:8–14; Ex. A, Respondent Dep. Tr. at 20:24–21:1.

*Second*, Counsel fundamentally misrepresents the discussions between them and Defendants' counsel regarding Respondent's apparent desire for anonymity. To correct the record:

- On May 2, 2025, Plaintiff served a declaration signed by Respondent, without affixing a confidentiality designation that would have been allowed by the operative protective order in the underlying lawsuit. *See* Ex. D, April 30 to May 6, 2026 email chain between Counsel and Defendants' Counsel, at 1–2.

- On April 28, 2026, Plaintiff de-designated portions of Plaintiff's deposition transcript in this matter, wherein Plaintiff identified Respondent as someone who posted her on Backpage.com. *Id*.

- On April 30, 2026, after multiple conferrals, Defendants served their filings in this action on Counsel. Ex. B, April 30, 2026 service email.

- On May 4, 2026, Counsel responded to the service email: "Looking at this, I don't see a motion for anonymity. I assume that you are not planning on filing

anything publicly identifying a minor victim of sex trafficking who was at your client's hotel?" Ex. C, May 4, 2026 Tonge email.

- On the same day, Defendants' counsel responded, making it clear that Defendants had complied with the Protective Order in the underlying case. Ex. D at 3. Defendants' counsel further stated, "If you believe there is anything in these documents that should have been redacted that was not, please identify for us so that we can correct it if necessary." *Id.*

- Plaintiff's counsel replied, "Yes, [Respondent's] name should be pseudonymous. She was sold for sex as a 15 year old at your client's hotel, has claims against your client, and you just put her name out there publicly. That should not happen. Please fix it." *Id*. at 2.

- In response, Defendants' stated:

  [T]his is the first time that you have taken the position that [Respondent's] identity warrants protection. For example, your own co-counsel de-designated E.P.'s testimony identifying [Respondent] (*see* 4/28/26 Email from D. Bouchard), and [Respondent's] declaration that you put at issue in this litigation was not designated as confidential pursuant to the protective order in E.P.'s case (*see* EP-9989-91). Nor did you ever move for a protective order or even request anonymity with respect to [Respondent] or other third parties in this litigation. And [Respondent's] name appears elsewhere in publicly filed briefs and exhibits—including one filed with your own signature block.

  Therefore, we do not believe further redaction is necessary under the protective order. **But we are of course happy to meet and confer if you now take a different position**.

*Id*. at 1–2 (emphasis added).

4

- Counsel did not meet and confer with Defendants' counsel. Instead, Counsel filed the present emergency motion for a protective order one day later.

- Then, minutes *after* filing the emergency motion, Counsel reached out to Defendants' counsel, writing, "Hey Jacob, I would love to confer about a PO that protects A.M. and witnesses in the **Texas case**. When are you available?" *Id*. at 1 (emphasis added).

To be clear, at no point did Defendants' counsel "doubl[e] down" that Respondent's identity could not be protected, as Counsel represents. *See* Dkt. 12 at 3. Defendants' counsel merely pointed out that, based on Counsel's conduct in the underlying litigation, Defendants had no reason to believe Respondent sought anonymity. Had Counsel met and conferred, rather than filing the present emergency motion—and repeatedly insulting Defendants and their counsel in the process—this issue may not have come before the Court at all.[3]

    *Third*, Counsel claims that Defendants intentionally filed a Motion to Compel without a supporting brief. But Defendants *did* file a memorandum in support of their Motion to Compel, *see* Dkt. 4, and served it on Plaintiff's counsel via email and UPS. *See* Ex. B; Ex. E, May 1, 2026 UPS delivery notification.

---

[3] Defendants reserve the right to seek sanctions and all appropriate relief relating to Plaintiff's counsel's misconduct and false statements.

*Finally*, Plaintiff bizarrely blames Defendants for a clerical error that resulted in Defendants' counsel being listed as Plaintiff's counsel.[4] But the signature blocks of all Defendants' papers clearly list Defendants' named counsel as counsel for Defendants. Dkts. 1, 4, and 5. Further, *before* Plaintiff filed her present Motion, Defendants filed an application for admission *Pro Hac Vice* for Ms. Frantz. Dkt. 8. The application clearly states Ms. Frantz is appearing on behalf of Defendants. *Id*.

## ARGUMENT ON THE MERITS

As to the motion itself, Defendants are skeptical that the relevant factors support permitting Respondent to proceed pseudonymously witness here. As an initial matter, Respondent's alleged trafficking, whether as an adult or minor, is not even relevant to the Motion to Compel before this Court. As such, resolution of this miscellaneous action does not require disclosure of "information of a sensitive and highly personal nature," Dkt. 12 at 6, or "deeply personal and intimate details of A.M.'s exploitation as a victim of sex trafficking." *Id*. at 7. Relatedly, there is no reason to expect that Respondent would be subject to reprisal from her alleged traffickers when this Motion does not require any discussion of her alleged

---

[4] Defendants believe a clerical error resulted in Ms. Frantz appearing on the docket as counsel for E.P. and will work with the Clerk's office to resolve the issue as soon as practicable. Plaintiff's counsel's insinuation that Defendants listed their own lawyer as counsel for Plaintiff intentionally or for a nefarious purpose is not only "bewildering," but also unprofessional, inappropriate, and a clear attempt to distract from their own unethical conduct that is at the heart of this dispute and Defendants' Motion to Compel.

trafficking, let alone identify her alleged traffickers. *Id*. at 9.  Finally, as discussed above, Counsel has utterly failed to protect Respondent's identity—they disclosed her identity without confidentiality protections (*see* Ex. D), de-designated deposition testimony disclosing her identity and alleged involvement in Plaintiff's trafficking (*id.*), filed her name publicly on the underlying case docket (*see E.P. v. G6 Hospitality, LLC, et al*, Case No. 4:24-cv-00216 (E.D. Tex. Mar 11, 2024), Dkt. 134–1 at 14), and (unnecessarily) identified her as a trafficking victim in filings where her name was publicly available on the docket (*see* Dkt. 12).  To the extent Respondent has been harmed by public disclosure of her name, Counsel—i.e., the same individuals who are subject to the Defendants' Motion to Show Cause (Dkt. 1)—are responsible.  Ultimately, however, Defendants defer to the Court's sound discretion on whether to permit Respondent to proceed under a pseudonym in this miscellaneous action.

7

Respectfully submitted this 7th day of May, 2026.

By:   */s/ Craig S. Friedman*

Craig S. Friedman
JONES DAY
1221 Peachtree St., N.E. Suite 400
Atlanta, GA 30361
T: 404.521.3939
F: 404.581.8330
csfriedman@jonesday.com

Ana Maria Cristina Perez Soto
(*pro hac vice* pending)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
T: 305.714.9700
F: 305.714.9799
cperezsoto@jonesday.com

Laura Frantz
(*pro hac vice* pending)
JONES DAY
150 W. Jefferson Ave., Suite 2100
Detroit, MI 48226
T: 313.739.3939
F: 313.230.7997
lfrantz@jonesday.com

*Counsel for Defendants G6 Hospitality LLC,*
*G6 Hospitality Property LLC, and Motel 6 Operating L.P.*

8

**CERTIFICATE OF COMPLIANCE**

Under Local Rule 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman 14-point font.

*/s/ Craig S. Friedman*
Craig S. Friedman

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2026, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

*/s/ Craig S. Friedman*
Craig S. Friedman